IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANASTACIO AGUSTIN MIGUEL<br>a/k/a: "Anastacio Miguel";<br>"Anastacio Miguel Agustin";<br>"Miguel Agustin"; and<br>"Anastacio Augustin-Miguel"<br><br>*Defendant* | Case No. 19-MJ-255 |

### AFFIDAVIT IN SUPPORT OF A
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kevin Ho, being duly sworn, depose and state:

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE) at Fairfax, Virginia. I have been employed with ICE for more than ten years. I was previously employed as a Customs and Border Protection Enforcement Officer for the U.S. Customs & Border Protection and its predecessor, the United States Immigration and Naturalization Service, since April 1996. During that time, I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint charging ANASTACIO AGUSTIN MIGUEL (also known as "Anastacio Miguel," "Anastacio Miguel Agustin," "Miguel Agustin," and "Anastacio Augustin-Miguel," hereafter referred to as AGUSTIN MIGUEL) with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, in violation of Title 8, United States Code, Section 1326(a). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the Government.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5. On or about May 11, 2019, U.S. Immigration and Customs Enforcement in Lorton, Virginia, received information from the Prince William-Manassas Adult Detention Center located in Manassas, Virginia, which is in the Eastern District of Virginia, that AGUSTIN MIGUEL, a native and citizen of Mexico, was being detained at the Prince William-Manassas Adult Detention Center on a felony charge. An immigration detainer was filed with Prince William-Manassas Adult Detention Center on May 11, 2019.

6.  Section 287(g) of the Immigration and Nationality Act permits performance of immigration officer functions by state officers and employees (referred to herein as "ICE 287(g) Officers") provided that the local law enforcement officers receive appropriate training and function under the supervision of sworn ICE officers.

7.  AGUSTIN MIGUEL was fingerprinted on or about May 11, 2019. Those fingerprints were then processed through ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as Next Generation Identification (NGI). Results of this query showed positive matches to AGUSTIN MIGUEL and his FBI number.

8.  On or about May 11, 2019, AGUSTIN MIGUEL was interviewed by ICE 287(g) Jail Enforcement Officer J. Huff pursuant to Title 8 United States Code Section 1357 for alienage and deportability. AGUSTIN MIGUEL freely and voluntarily gave a sworn statement to Officer Huff. A sworn statement was taken wherein the following information was provided to Officer Huff. AGUSTIN MIGUEL stated:

    a) that his true and correct name is Anastacio Agustin Miguel;

    b) that he was born on April 15, 1980 in Toluca, Mexico;

    c) that he is a citizen of Mexico;

    d) that he was previously deported from the United States;

    e) that he did not receive permission of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States after being removed.

9.  On May 21, 2019, your affiant conducted a review of documents from AGUSTIN MIGUEL'S immigration file that is maintained by the United States Bureau of Citizenship and

Immigration Services. The file, also known as an alien file, contained an executed Immigration Service form I-296, Notice to Alien Ordered Removed/Departure Verification, bearing the photograph, fingerprint, and signature of AGUSTIN MIGUEL. The alien file also contained an executed Immigration Service form I-205, Warrant of Removal/Deportation, bearing the photograph, fingerprint, and signature of AGUSTIN MIGUEL. AGUSTIN MIGUEL was first removed from the United States on February 20, 2009 from Paso Del Norte, Texas, and again on August 19, 2015 from Hidalgo, Texas.

10. On May 21, 2019, your affiant asked the FBI Special Processing Center to compare the fingerprints that ICE obtained from AGUSTIN MIGUEL on or about May 11, 2019, with an individual print taken form AGUSTIN MIGUEL'S I-296 and I-205 showing his removal from February 20, 2009 and August 19, 2015, and two complete sets of fingerprints taken from AGUSTIN MIGUEL'S alien file that were associated with his prior immigration arrests. On May 21, 2019, the FBI successfully matched all submitted fingerprints to AGUSTIN MIGUEL and his FBI number.

11. AGUSTIN MIGUEL'S alien file indicates that AGUSTIN MIGUEL does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and that he has neither sought nor obtained permission from the Attorney General or the Secretary of Homeland Security to reenter the United States following his formal removal.

**CONCLUSION**

12. Based the foregoing, I submit that there is probable cause to believe that on or about May 11, 2019, in Manassas, Virginia within the Eastern District of Virginia, the defendant ANASTACIO AGUSTIN MIGUEL, having been removed or deported from the United States on or about February 20, 2009 and on or about August 19, 2015, was found in the United States

without having obtained the express consent of the Attorney General or the Secretary of Homeland Security, to reapply for admission to the United States.

_____
Kevin Ho
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to and subscribed before me on the __31__ day of May 2019, in Alexandria, Virginia.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
_____
The Honorable Michael S. Nachmanoff
United States Magistrate Judge
Alexandria, Virginia

without having obtained the express consent of the Attorney General or the Secretary of Homeland Security, to reapply for admission to the United States.

_____
Kevin Ho
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to and subscribed before me on the __31__ day of May 2019, in Alexandria, Virginia.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
_____
The Honorable Michael S. Nachmanoff
United States Magistrate Judge
Alexandria, Virginia